[No. 12173.   In Bank. — February 25, 1888.]

IN THE MATTER OF THE ESTATE OF E. D. TRAYLOR, DECEASED.

WILL.— BEQUEST OF ORNAMENTS INCLUDES JEWELRY. — The testatrix by her will bequeathed to her niece her "piano, sewing-machine, finger-rings (save the diamond ring I habitually wear), and so many of my books, pictures, and ornaments (not otherwise bequeathed specifically) as she shall choose to take." *Held*, that the bequest of "ornaments" included the jewelry used by the testatrix for personal decoration

APPEAL from a decree of the Superior Court of the city and county of San Francisco partially distributing the estate of a deceased person, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*D. William Douthitt*, for Appellant.

The word "ornaments," as used in the bequest, must be restricted in its meaning to chattels, *ejusdem generis* with those enumerated. (*Dole* v. *Johnson*, 3 Allen, 366; *Rawlings* v. *Jennings*, 13 Ves. 39; *Tefft* v. *Tillinghast*, 7 R. I. 434; Bouvier's Law Dict., tit. Ejusdem Generis; *Bullock* v. *Goffe*, 20 Pick. 252; *Benton* v. *Benton*, 63 N. H. 289; *Young* v. *Young*, 3 Jones Eq. 216; *Boon* v. *Cornforth*, 2 Ves. Sr. 277; *Johnson* v. *Goss*, 128 Mass. 434; 1 Jarman on Wills, 356.)

*Olney, Chickering & Thomas*, for Respondent L. M. Overacker.

*Selden S. Wright*, for certain legatees.

McFARLAND, J. — The deceased, Mrs. Elizabeth D. Traylor, left an estate worth about one hundred and fifty-five thousand dollars. Her will contains (among other bequests) the following: "To my niece, Louise E. Matthews of this city, I give ten thousand dollars,

my piano, sewing-machine, finger-rings (save the dia-
mond ring I habitually wear), and so many of my books,
pictures, and ornaments (not otherwise bequeathed spe-
cifically) as she shall choose to take." The said Louise
appears to be as near a relative as any other person
named in the will.

The court below entered a decree of partial distribu-
tion, in which there was distributed to said Louise E.
Matthews (now Louise M. Overacker) certain personal
property set forth in exhibit A, which forms part of
the record. From this decree, and from an order deny-
ing a new trial, Elizabeth H. Siddall, admitted to be the
heir at law, appeals upon the ground that the per-
sonal property so distributed was not intended by the
testatrix to be bequeathed to said Louise. And the
question to be determined is, whether or not the court
below erred in holding that the things distributed were
" ornaments " within the meaning of that word as used
in the will.

Exhibit A contains a number of articles not classi-
fied under the head of " jewelry " ; and we think that
the court was right in holding them to be ornaments.
About the character of a few of them, of small value,
there may be some room for doubt; but we think.the
ruling of the court below concerning them was not
erroneous.

Exhibit A, however, contains a list of articles sched-
uled under the head of "jewelry," and about these
the main question arises. They consist of breast-pins,
bracelets, ear-rings, lace-pins, sleeve-buttons, glove-but-
tons, brooches, lockets, chains, etc., made of various
jewels and gold, — such as women usually wear for per-
sonal decoration.

We have no doubt that the word " ornaments," in its
general signification, and freed from any modification
that might come from association in particular instances
with other language, includes "jewelry" worn by women

for the purpose of adding grace or beauty to their persons, or for the purpose of complying with the usages of society.   Such is its meaning both in classic English and in common language.   In Webster's dictionary an illustration is given from Sir Thomas Browne as follows: "Some think it most *ornamental* to wear their bracelets on their wrists; others, about their ankles."   And the Jenkins of the present day in his descriptions of the costumes of ladies at evening parties writes, " *ornaments,* diamonds."

But it is contended that as the word "ornament," as used in the will, immediately follows the words "books" and "pictures," it must, therefore, be restricted to things resembling—that is, *ejusdem generis* with—books and pictures.   There is certainly force in this suggestion; but the words "not otherwise specifically bequeathed," which immediately follow "ornaments," must also be considered.   And when we look at the few things which have been otherwise specifically bequeathed, we find that nearly every one of them that could in any sense be called an ornament is an article of jewelry.   The words " as she shall choose to take" also indicate that liberality of construction in favor of the legatee should be indulged in.

The discovery of the real intention of the testatrix in this case is, no doubt, a difficult matter.   But as the word "ornaments," in its general and ordinary sense, includes the property in contest, and as the other language of the will, taken all together, does not clearly indicate that the word was used in a special or limited sense, we conclude that the view taken of the question by the learned judge of the court below is more satisfactory than the opposite view taken by appellant.

Judgment and order affirmed.

SHARPSTEIN, J., SEARLS, C. J., PATERSON, J., and TEMPLE, J., concurred.

Rehearing denied.